In the Matter of the Application of HERBERT MYERBERG and Another, Receivers of the UNION CIGAR COMPANY, a Corporation of the State of Maryland, Appointed Such Receivers by Circuit Court No. 2 of Baltimore City, of the State of Maryland, Respondents, for an Order, Pursuant to the Provisions of Section 170 of the General Corporation Law, Requiring UNION TOBACCO COMPANY, a Corporation of the State of Delaware, with Its Principal Office at 511 Fifth Avenue, New York City, and Others, Including JEROME EISNER and CHASE NATIONAL BANK, a Corporation, Appellants, to Submit to Examination.

First Department, November 27, 1936.

*Henry I. Fillman* of counsel [*Jerome Eisner*, attorney *pro se*], for the appellant Jerome Eisner.

*S. S. Jennings, Jr.*, of counsel [*Mudge, Stern, Williams & Tucker*, attorneys], for the appellant The Chase National Bank of the City of New York.

*Edward Weinfeld*, for the respondents.

McAvoy, J.  One of the receivers of the Union Cigar Company of Maryland, appointed by Circuit Court No. 2 of Baltimore City, Maryland, instituted proceedings under section 170 of the General Corporation Law of New York State, for an order directing the parties named therein to submit to examination before a referee designated in the order, concerning the assets of Union Cigar Company.

The court granted that application *ex parte*.

The Chase National Bank and another party affected by the order moved to set it aside.  Their motions were denied and two separate but substantially identical orders were entered, from which they appeal to this court.

It nowhere appears in the petition that the petitioners or any other persons have ever been appointed receivers of the Union Cigar Company or of any of its assets by any court in the State of New York in any action or proceeding.

The receivers were appointed as such by a foreign court in a foreign State.

A receiver of a corporation or of its property not appointed as such by the Supreme Court of this State cannot invoke section 170 of the General Corporation Law to procure an examination concerning the property of such corporation.  Such an examination is by that section expressly limited to receivers not only appointed by a New York court, whether primary or ancillary, but appointed pursuant to article 11 of the General Corporation Law.

The privilege of examination is available only to receivers appointed by a New York court, since the application is required to be made to the Supreme Court held " within the judicial district in which he [the receiver] was appointed."  From this it appears to all who will read that only a New York receiver can qualify.  A foreign receiver cannot, since he was not appointed in any judicial district within this State.

Therefore, the orders should be reversed, with twenty dollars costs and disbursements, and the motions to vacate the order of August 28, 1936, should be granted.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, and the motions granted.